**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

MICHAEL GOODWIN,

    *Plaintiff,*

v.

JOHN ROSS, et al.,

    *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)

No. 4:25-cv-01237-JMD

## MEMORANDUM AND ORDER

Plaintiff Michael Goodwin, a self-represented litigant, sues three federal probation officers and seeks monetary damages for alleged constitutional violations arising from his federal prosecution and sentencing. ECF 1. He also moves for leave to proceed *in forma pauperis*. ECF 2.

Having reviewed Goodwin's motion to proceed *in forma pauperis*, the Court finds that he lacks sufficient funds to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). The Court therefore grants the motion. Nevertheless, for the reasons stated below, the Court dismisses this action under 28 U.S.C. § 1915(e)(2)(B).

### I.    Background

Goodwin brings this action against three federal probation officers—John Ross, Jean F. Kintz, and Kim Bramlett—asserting constitutional claims arising from his 2001 federal criminal prosecution. ECF 1 at 1–2. According to the complaint, a federal grand jury indicted Goodwin in April 2001 for conspiracy to distribute crack cocaine. *Id.* at 1. Goodwin states that despite pleading guilty, the government's presentence investigation report (PSR) incorrectly identified him as the leader of the conspiracy. *Id.* at 1–2. He alleges that his

1

attorney objected to the characterization at sentencing, but that Officer Ross remained silent during the exchange. *Id.* at 2–3. Goodwin further alleges that Officer Kintz refused to modify the PSR following his objections. *Id.* at 5.

The Court sentenced Goodwin to 151 months of imprisonment. *Id.* at 3. Goodwin attributes the severity of his sentence to mischaracterizations in the PSR. *Id.* For relief, he seeks monetary damages. *Id.* at 1.

## II.    Legal standard

Under 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint is frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992).

## III.    Discussion

Goodwin sues the defendants in their individual capacities under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). ECF 1 at 1. The Court dismisses the complaint for the following reasons.

### A.    The *Heck* Bar

First, under *Heck v. Humphrey*, a plaintiff cannot maintain a civil rights action for damages if a judgment in their favor would necessarily imply the invalidity of their conviction or sentence. 512 U.S. 477, 486–87 (1994). Unless the plaintiff proves that the conviction or sentence has already been reversed, expunged, or otherwise invalidated, the Court must dismiss the claim. *Id.* at 487; *see also Washington v. Sorrows*, 107 F.3d 876 (8th Cir. 1997) (unpublished table decision) (applying the *Heck* doctrine to bar a *Bivens* action). Goodwin's

claims regarding drug quantities and PSR inaccuracies directly challenge the validity of his 151-month sentence. Because Goodwin's sentence remains intact, ECF 1 at 5, the *Heck* doctrine bars his claims.

### B. Immunity

Second, even if Goodwin could overcome *Heck*, the defendants are immune from suit. Federal probation officers enjoy absolute immunity when they perform tasks that are "functionally comparable" to those of judges. *See Anton v. Getty*, 78 F.3d 393, 395 (8th Cir. 1996) (quoting *Butz v. Economou*, 438 U.S. 478, 513 (1978)). Because the preparation of a PSR is "closely associated with the exercise of a judicial function," the defendants are immune from Goodwin's suit for damages. *Id.* at 396.

### C. Statute of Limitations

Third, Goodwin's claims are untimely. When evaluating *Bivens* claims, federal courts borrow the forum state's statute of limitations for personal-injury actions. *See Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995). In Missouri, that period is five years. Mo. Rev. Stat. § 516.120(4).

Goodwin's allegations arise from events surrounding his sentencing in 2001 and from correspondence relating to his PSR in 2006. ECF 1 at 1, 5. Goodwin filed this action in 2025—nearly two decades after the latest alleged event. Because the five-year limitations period expired long before Goodwin filed this suit, the statute of limitations bars his claims.

### D. Personal Involvement

To establish liability under *Bivens*, a plaintiff must show that each defendant, through his or her individual actions, violated the Constitution. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Goodwin names Officer Bramlett in the caption but fails to make specific

3

allegations regarding her personal conduct.  Without such allegations, the complaint fails to state a plausible *Bivens* claim against Officer Bramlett.

### IV.   Conclusion

For the foregoing reasons, the Court grants Goodwin's motion to proceed *in forma pauperis* and dismisses this action under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Goodwin's motion to proceed *in forma pauperis*, ECF 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal accompanies this Memorandum and Order.

Dated this 12th day of March, 2026.

_____

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE

4